David P. Meyer, No. OSB 890923
Email: dpmeyer@meyerlaw.com
David P. Meyer, PC
621 SW Morrison St, Ste 1425
Portland, OR 97205-3811
Telephone: (503) 224-1096
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PATTY L. CROWLEY,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>WALMART, INC., a Delaware corporation,<br><br>　　　　　Defendant. | Civil Action No. 6:20-cv-470<br><br>COMPLAINT<br><br>Personal Injury Action (28 U.S.C. § 1332)<br><br>DEMAND FOR JURY TRIAL |

COMES NOW plaintiff Patty L. Crowley, by and through her attorney, David P. Meyer, and alleges as follows:

**I. INTRODUCTION**

This is a civil action for personal injuries suffered by plaintiff Patty L. Crowley at defendant Walmart's store in Newport, Oregon, when she tripped and fell over a partially empty stack base, which was being used as an endcap. Defendant Walmart's negligence was a substantial contributing factor in causing plaintiff's injuries.

/ / /

/ / /

/ / /

Complaint                              1

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as plaintiff is a citizen of a different state from where defendant is incorporated and has its principal place of business, and the amount in controversy exceeds $75,000.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) and LR 3-2, as the events giving rise to this claim occurred in Lincoln County, Oregon.

## III. PARTIES

3. Plaintiff Patty L. Crowley is a resident of Deschutes County, Oregon.

4. Defendant Walmart, Inc. ("Walmart") is a Delaware corporation, with a principal place of business in Bentonville, Arkansas, authorized to do business in Oregon, with retail stores throughout the state.

## IV. FACTUAL ALLEGATIONS

5. At all material times, Walmart owned and operated approximately 5,360 retail stores in the United States, including approximately 3,570 Supercenters, which average 182,000 square feet each, selling a variety of groceries, produce, baked goods, delicatessen items, dairy products, electronics, apparel, toys and home furnishings, including a Supercenter located at 160 NW 25th St, Newport, Oregon (the "Newport store").

///

///

///

///

///

///

Complaint                                    2

6.  Walmart uses structural foam platforms known as stack bases ("stack base"), to promote and display merchandise in "Action Alley," a pathway approximately 15 feet wide that runs through Walmart stores. Stack bases are approximately 48 inches long, 48 inches wide and 5.5 inches high, as shown here:



7.  Walmart uses standardized steel shelving to display merchandise along the length of store aisles, which enter into Action Alley. At the end of the aisles is steel shelving perpendicular to the aisle shelving, known as an endcap, often featuring promotional products ("endcap"), as shown here:

/ / /

/ / /

Complaint                              3



8.      Endcaps with extended shelves near the floor have side rails, labeled "A" in ¶ 7, which are 18 inches high, to prevent tripping by customers exiting from an aisle into Action Alley, as shown here:



9.      On or about October 3, 2018, plaintiff visited the Newport store with her spouse, for the purpose of purchasing groceries and other merchandise from defendant, during a vacation on the Oregon coast.

Complaint                                                      4

10. As plaintiff turned from the soda aisle into Action Alley, her foot caught on the empty corner of a stack base, being used as an endcap at the end of the soda aisle, causing her to fall to the ground and strike her knee, resulting in serious injuries to plaintiff, more fully described herein.

## V. CLAIM FOR RELIEF

11. At all material times, defendant Walmart had a duty to make the Newport store reasonably safe for customers, including the obligation to discover any condition that created an unreasonable risk of harm to customers and either eliminate it or warn customers of the risk, so they could avoid the harm.

12. At all material times, defendant Walmart knew, had reason to know based on other stack base related injuries at Walmart stores in the United States, or in the exercise of reasonable care should have known, that empty stack bases, and particularly empty stack base corners, created an unreasonable risk of harm to customers.

13. At all material times, defendant Walmart knew that partially empty stack bases used as endcaps could not be encountered with reasonable safety even if the danger was known and appreciated by customers, but it failed to take reasonable steps to eliminate the danger by using an endcap with raised side rails at the base.

14. At all material times, defendant Walmart failed to maintain the endcap, at the end of the soda aisle where plaintiff fell, in a reasonably safe condition for customers. Defendant Walmart not only used a stack base as an endcap, but left it partially empty, increasing the risk of falls by customers.

15. At all material times, defendant Walmart did not warn customers of the danger associated with the partially empty stack base at the endcap of the soda aisle. There were no

safety cones or warning signs at or near the stack base where plaintiff fell, advising customers of the risks of the empty stack base.

16. Defendant Walmart was negligent in one or more of the following particulars:

 a. In failing to use metal shelving with raised side rails at the base as an endcap;

 b. In using a stack base as an endcap;

 c. In failing to stock merchandise on the stack base to cover the corners;

 d. In failing to warn customers of the empty stack base corner;

 e. In failing to restock or cover the stack base corner, when merchandise had sold down;

 f. In failing to train employees to restock empty stack base corners, when merchandise had sold down; and

 g. In failing to train employees to conduct safety sweeps for empty stack base corners.

17. As described above, Walmart's negligence, in one or more of the particulars set forth above, was the proximate cause of the injuries suffered by plaintiff, some of which are permanent in nature.

18. As a result of Walmart's negligence, in one or more of the particulars set forth above, plaintiff suffered a left bicondylar tibial plateau fracture, resulting in valgus deformity of left knee with mild collapse, chondromalacia patellae of left knee with posttraumatic degenerative arthritis, double crush syndrome in left knee from lumbar radiculopathy and loss of bone density.

Complaint   6

19. As a result of the aforementioned injuries, plaintiff underwent left tibia open reduction internal fixation surgery and cortisone injections, and will require hardware removal and knee replacement surgery.

20. As a result of the aforementioned injuries, plaintiff suffered permanent injury and loss of enjoyment of life, and will continue to suffer from pain and loss of enjoyment of life in the future, all to her noneconomic damage in an amount to be determined by the jury to fully and fairly compensate plaintiff for her damages in accordance with Oregon law, but in an amount not to exceed the sum of $600,000.

21. As a result of the aforementioned injuries, plaintiff has incurred reasonable and necessary medical, hospital, doctor, therapy and rehabilitation expenses to date in the approximate sum of $77,000, and will incur reasonable and necessary medical, hospital, doctor, therapy and rehabilitation expenses in the future in the approximate sum of $80,000, all to her economic damage in the approximate sum of $157,000.

22. Plaintiff reserves the right to amend this complaint at the time of trial to more completely allege her economic losses and/or to conform to proof offered at trial.

23. Plaintiff is entitled to pre-judgment interest at the legal rate of 9% per annum for her economically verifiable losses from the date of loss to the date of entry of judgment herein.

### VI. DEMAND FOR JURY TRIAL

24. Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right, pursuant to FRCP 38(b)(1) and 38(c).

/ / /

/ / /

/ / /

Complaint                                7

## VII. PRAYER FOR RELIEF

WHEREFORE plaintiff prays for a judgment against defendant in the sum of $757,000, for her costs and disbursements incurred herein, and for such other relief as the court finds just and equitable.

DATED: March 20, 2020.

DAVID P. MEYER, P.C.

By: s/ David P. Meyer
David P. Meyer, OSB No. 890923
Attorney for Plaintiff