IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATTY L. CROWLEY,

        Plaintiff,

v.

WALMART INC., a Delaware corporation,

        Defendant.

Case No. 6:20-cv-00470-MC

**OPINION & ORDER**

**MCSHANE, Judge**:

    Plaintiff injured herself at a Walmart store when she tripped over an object on the floor commonly referred to as a "stack base." A stack base is a pallet-like platform five inches in height, used in this case to display cases of Pepsi products. Defendant Walmart Inc. moves for summary judgment on Plaintiff's claim of negligence, arguing that the stack base Plaintiff tripped over constitutes an open and obvious condition and therefore no rational juror could find the stack base posed an unreasonable risk of harm. The Court disagrees and concludes that question of whether the stack base posed an unreasonable risk of harm is one for the jury. Walmart's Motion for Summary Judgment, ECF No. 32, is DENIED.

**STANDARD OF REVIEW**

    The Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict for the non-moving party. *Rivera v. Phillip*

*Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The Court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION[1]

On October 3, 2018, Plaintiff was shopping with her spouse in a Newport, Oregon Walmart. While following her spouse around the end of the soda aisle, Plaintiff tripped over the corner of a stack base, fell to the ground, and suffered injuries to her lower body.[2] The parties agree that the area was well lit and dry. They agree that the black stack base contrasts with the white floor. The parties disagree on exactly how empty the stack base was at the moment Plaintiff tripped.[3] Regardless, it is clear that the stack base was empty enough that there was no product on the front of the stack base (and especially the front corner where Plaintiff tripped). As noted, Defendant argues that "[b]ecause Plaintiff encountered an open and obvious condition and the partially empty stack base corner was not an unreasonable risk of harm," it is entitled to summary judgment. Reply 1 ECF No. 36.

---

[1] The Court views the facts in the light most favorable to Plaintiff, the non-moving party.
[2] The stack base here is a black platform roughly 48 inches long, 48 inches wide, and 5.5 inches high. Walmart uses stack bases to display product at the end of an aisle.
[3] The record is unclear if a Walmart employee placed additional cases of soda on the stack base after the incident but before pictures were taken of the stack base.

A property owner in Oregon has a duty to make their premises reasonably safe for an invitee's visit. *Glorioso v. Ness*, 191 Or. App. 637, 643 (2004). An owner must exercise due care to discover conditions on the premises that create an unreasonable risk of harm and, once discovered, the owner must eliminate the condition creating that risk or warn any foreseeable invitee of the risk to avoid the harm. *Id.* Yet not all conditions pose an unreasonable risk of harm or are unreasonably dangerous. "A condition is not unreasonably dangerous if the hazard arising from it would be known and understood by reasonable persons expected to encounter the condition." *Maas v. Willer*, 203 Or. App. 124, 127 (2005).

Under these facts, viewed in the light most favorable to Plaintiff, a rational juror could find that (1) the stack base was not an open and obvious danger that a reasonable shopper exercising reasonable care would have been aware of and (2) that the partially empty stack base here posed an unreasonable risk of harm. Conversely, a rational juror could find that a reasonable shopper in Plaintiff's position "exercising ordinary perception, intelligence and judgment" would have perceived and avoided the risk posed by the partially empty stack base. *See Gregory v. Kmart Corp.*, 2007 WL 3408018, at *2 (D. Or. Nov. 15, 2007). There is no indication that Plaintiff was distracted at the moment in question. Rather, Plaintiff followed her partner on the left-hand side of the aisle, did not see the empty portion of the stack base at ground level with no product on it, and caught her foot on the corner as she turned. Hansen Decl. Ex. 1, 2-3; ECF No. 33-1. A jury must resolve the main dispute at issue; i.e., whether a shopper exercising reasonably care would see (and avoid) the empty stack base sticking 5.5 inches off the ground and extending a foot or so into the walkway. And while Plaintiff testified that had she seen the stack base, she would have avoided it, that is the case with every slip and fall case and does not necessarily mean that the stack

base was an open and obvious danger or that Plaintiff was not exercising reasonable care. Here, the jury could find that the empty portion of the stack base protruded into the walkway enough for Plaintiff to trip over, but not enough to see while turning left into a walkway approached from the left side of the aisle.

This case differs from *Fast v. Coastal Journeys Unlimited*, 2016 WL 7331557 (D. Or. Dec. 16, 2016 Opinion), where the Court concluded a "wheel stop" located in a parking lot was not an unreasonably dangerous condition. There, the Court concluded that "[a] reasonable person . . . could reasonably expect to encounter conditions normally found in a parking lot, to include wheel stops." *Id.* at *5. In contrast, one could conclude that a reasonable shopper would not expect to find a 5.5-inch-high piece of plastic extending into the walkway past the point where the product is stacked. In other words, a reasonable shopper could conclude that the walkway begins where the product ends. Walmart will of course get to argue that due to the lighting and the contrast of the black base against the white floor, a reasonably cautious shopper would have seen and avoided the stack base.[4] The jury will resolve those questions.

## CONCLUSION

Walmart's Motion for Summary Judgment, ECF No. 17, is DENIED.

IT IS SO ORDERED.

DATED this 19th day of May, 2021.

                                                            _____/s/ Michael J. McShane___
                                                                   Michael McShane
                                                             United States District Judge

---

[4] In fact, based on the pictures in the record, it appears that the emptier the stack base was, the more difficult it will be for Plaintiff to demonstrate she exercised reasonable care and was not in fact distracted while turning the corner. But the parties dispute how empty the stack base was at the time of the incident, and no evidence demonstrates Plaintiff was distracted while turning the corner.